UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHAROD HOLMES, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:23-CV-359-JEM |
| ) | |
| UNITED STATES STEEL ) | |
| CORPORATION, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on USS's Partial Motion to Dismiss as to Plaintiff's Breach of Contract Claim [DE 16] filed on December 22, 2023.

**I.     Background**

On September 21, 2023, Plaintiff Sharod Holmes filed a Complaint in state court alleging that he was wrongfully terminated by United States Steel Corporation (USS), asserting three causes of action: race discrimination, retaliation for his complaints about harassment and disparate treatment, and breach of contract. Defendant removed the matter to this Court on October 18, 2023.

Defendant asserts that it presented Plaintiff with the information he needed to determine that Count III was not a viable cause of action on October 18, 2023, and followed up on October 24, October 31, November 16, December 6, and December 13, 2023, but Plaintiff did not respond until December 20, 2023, two days before Defendant's response to the Complaint was again due. Counsel for Plaintiff sent an email to Defendant on December 20, 2023, indicating that Plaintiff was willing to dismiss Count III, although the Court notes that there is no notice of dismissal or motion to amend on the docket. Defendant filed the instant Motion to Dismiss the breach of contract claim (Count III) two days later, on December 22, 2023. Plaintiff filed his response on February 12, 2024, and Defendant filed its reply on February 20, 2024. In addition to dismissal of

1

Count III, Defendant seeks an award of its attorneys' fees and costs pursuant to 28 U.S.C. § 1927 or Federal Rule of Civil Procedure 11.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Federal Rule of Civil Procedure 11(c) provides that the Court may impose appropriate sanctions for presenting papers to the Court (1) with an improper purpose, (2) that are not warranted by existing law or by nonfrivolous arguments for new law, (3) that lack evidentiary support for factual contentions, or (4) that make unwarranted denials of factual contentions. Fed. R. Civ. P. 11(b), (c). The Court has "considerable discretion in deciding whether to issue Rule 11 sanctions." *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020); *see also* Fed. R. Civ. P. 11(c)(1) ("[T]he court *may* impose an appropriate sanction . . . ." (emphasis added)).

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct." 28 U.S.C. § 1927. Such sanctions are to be awarded solely in the discretion of the Court. *See Walter v Fiorenzo*, 840 F. 2d

2

427, 433 (7th Cir. 1988). As is plain from the statute, § 1927 requires that the sanctioned party have acted both "unreasonably and vexatiously." *Moriarty v. Svec*, 429 F.3d 710, 722 (7th Cir. 2005). However, unlike sanctions under Rule 11, § 1927 does not require an attorney to conduct a "reasonable investigation." *Samuels v. Wilder*, 906 F.2d 272, 275 (7th Cir. 1990) (quotation marks omitted).

**III.    Analysis**

Plaintiff has conceded that he will dismiss the breach of contract claim set forth in Count III, although he has not filed a motion to do so. Because Plaintiff has indicated his agreement that Count III should be dismissed, the Court so orders. Defendant argues that Plaintiff should be sanctioned under Rule 11 and under 28 U.S.C. § 1927 for failing to dismiss Count III when Defendant advised him that it was preempted.

Defendant conflates its analysis of the standards under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 and seems to argue that the Court should find that Plaintiff's failure to engage in meaningful investigation prior to filing the complaint necessitates sanctions under either provision, but cites only cases addressing Rule 11 sanctions for that proposition. Plaintiff argues that Defendant failed to comply with Northern District of Indiana Local Rule 7-1(a) by failing to file the motion for sanctions as a separate motion. Northern District of Indiana Local Rule 7-1(a) provides: "Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption." Defendant neither filed a separate motion for sanctions nor referenced that relief in the title of the motion. Defendant has failed to respond to this argument. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)

3

("Failure to respond to an argument . . . results in waiver.") (citing *U.S. v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008)). Because of Defendant's failure to comply with federal and local rules, its request for sanctions will be denied. *Ware v. Freeman-Wilson*, 2:15-CV-42-PRC, 2016 U.S. LEXIS 15459 (N.D. Ind. Feb. 16, 2016).

Despite the motion being denied for failure to comply with the Local Rules, the Court also briefly addresses the merits of the argument.

Federal Rule of Civil Procedure 11 provides that an attorney's signature on a pleading, including a complaint, is a representation to the Court that:

> to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [the document] is not being presented for any improper purpose, . . . [and] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Federal Rule of Civil Procedure 11(b). It further provides that a motion for Rule 11 sanctions must be made separately from any other motion. F.R.C.P. 11(c)(2). Rule 11 also provides that a motion must not be presented to the Court if the challenged claim is withdrawn or appropriately corrected within 21 days after service of the motion, or within another time the Court sets. F.R.C.P. 11(c)(2). Because the request for an award of attorney's fees and costs as sanctions pursuant to Federal Rule of Civil Procedure 11 was not brought as a separate motion but rather was included as part of the Motion to Dismiss, the Court declines to grant relief under Rule 11. The Court also notes that Defendant does not address Plaintiff's pleading obligations under Indiana law, nor whether his conduct in alleging a cause of action that he now concedes should be dismissed would subject him to sanctions under any Indiana provisions.

Defendant also argues that Plaintiff's failure to dismiss Count III after he was informed that it was not a viable cause of action amounts to bad faith. The Seventh Circuit has held that

4

"either subjective or objective bad faith is a prerequisite for awarding [§ 1927] sanctions." *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006); *Moriarty*, 429 F.3d at 722. Defendant does not assert that the attorney was motivated by bad faith, i.e., malice or ill-will, leaving only objective bad faith as a possible reason for awarding sanctions under § 1927. Objective bad faith can be demonstrated by a showing of "reckless indifference to the law," such as where "a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Dal Pozzo*, 463 F.3d at 614 (quotation marks and citations omitted); *see also The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Extraordinary or extreme negligence may also constitute bad faith. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1185 (7th Cir. 1992).

Thus, when counsel acts recklessly, raises baseless claims notwithstanding notice of their frivolous nature, or "otherwise show[s] indifference to statutes, rules, or court orders," sanctions may be warranted under § 1927. *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005) (citing *Kotsilieris*, 966 F.2d at 1185). The key component of the inquiry is "the objective unreasonableness of the attorney's actions." *Id*. Importantly for this case, the Seventh Circuit interprets § 1927 "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable." *The Jolly Group*, 435 F.3d at 720 (citing *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n. 6 (7th Cir. 1990)).

Counsel for Plaintiff argues that he did not act recklessly, but that the time between Plaintiff informing him of the faults in the claim on October 24, 2023, and his agreement to dismiss Count III on December 20, 2023, was spent researching the issue and consulting his client, and that he encountered some delays due to holidays, other work matters, and some unexpected personal emergencies. Plaintiff also argues that Defendant knew, when it filed its motion to dismiss, that he

5

had already agreed to dismiss Count III, and after December 22, 2023, Defendant would not agree to a voluntary dismissal of Count III without an agreement that Plaintiff pay Defendant's attorney fees. Although the amount of time that passed without apparent communication from counsel for Plaintiff to counsel to Defendant about the preempted claim is concerning, it does not appear to the Court, on the record before it, that the delay amounts to recklessness.

Despite its decision to deny the request for sanctions, the Court is troubled by the conduct of both counsel in this matter. Plaintiff should have acted in a manner that would have resulted in timely dismissal of Count III and communicated with Defendant about the delay. Defendant should have complied with federal and local rules in seeking relief. Although sanctions are not being awarded in this instance, the Court reminds counsel for both parties of the need to comply with the Federal and Local Rules, including those setting forth pleading rules and those mandating appropriate decorum and conduct standards.

### V.    Conclusion

Accordingly, the Court **GRANTS in part and DENIES in part** USS's Partial Motion to Dismiss as to Plaintiff's Breach of Contract Claim [DE 16] and **ORDERS** that Count III of Plaintiff's Complaint is **DISMISSED**. The Court **DENIES** the motion for sanctions contained within the USS's Partial Motion to Dismiss as to Plaintiff's Breach of Contract Claim [DE 16].

SO ORDERED this 25th day of April, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record