**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| SHAROD HOLMES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:23-CV-359-JEM |
| | ) | |
| UNITED STATES STEEL | ) | |
| CORPORATION, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 43] filed on February 2, 2026. Defendant moves for summary judgment on all claims asserted against them. Plaintiff filed a response on April 2, 2026, and on April 30, 2026, Defendant filed a reply.

On September 21, 2023, Plaintiff Sharod Holmes filed a state court Complaint for claims of employment discrimination and retaliation arising out of his employment with Defendant United States Steel Corporation. Defendant then removed the case to federal court on October 18, 2023. The instant motion was filed on February 2, 2026, arguing that Plaintiff's claims are barred and that there is no genuine issue of material fact regarding whether Plaintiff is entitled to relief.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## I.    Facts

Plaintiff Sharod Holmes, a Black male, was employed by Defendant United States Steel Corporation from approximately May 20, 2012, until his termination on March 1, 2023. On February 23, 2023, Defendant suspended Plaintiff for what it deemed to be several absences and absence reporting-related violations that took place in January and February of 2023. Following a

1

hearing, Defendant then converted Plaintiff's suspension to a termination.

After his termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation. Regarding his race discrimination claim, Plaintiff stated in his charge: "I believe I was discriminated against because of my race, Black." Ex. 13 p. 3 [DE 44-13]. In support of his retaliation charge, Plaintiff reported that in February 2023, he contacted a griever regarding the status of payment for a grievance his former department filed and won. He was informed that the human resources manager instead probed about Plaintiff's job performance, and later that month he was terminated. The grievance payment related to a successful 2019 grievance claim concerning Defendant's use of outside contractors for work that could have been performed by internal laborers.

On June 27, 2023, the EEOC issued Plaintiff a Determination and Notice of Rights and Plaintiff filed the pending lawsuit, claiming race discrimination, hostile work environment, and retaliation.

## II.    Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law.

In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-11 (7th Cir. 1990) (citations omitted); *see also Hong v. Child.'s Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).

Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

**III.    Analysis**

Plaintiff alleges that Defendant discriminated against him on the basis of his race, subjected him to a hostile work environment, and retaliated against him. In support of his race discrimination and hostile work environment claims, Plaintiff alleges numerous specific incidents of discrimination and harassment. Defendant argues that most of Plaintiff's claims are procedurally barred because they have not been exhausted, and that it is entitled to judgment on the claims that are not time-barred.

A.  <u>EEOC Exhaustion</u>

Defendant argues that Plaintiff's claims for racial discrimination, hostile work environment, and retaliation for complaining about racially discriminatory conduct are procedurally barred because they were not included in his EEOC charge. Plaintiff argues that the

specific acts of racial discrimination and harassment alleged in this case are not beyond the scope of his EEOC charge.

"A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Requiring a plaintiff to first file with the EEOC "serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Ind. DOT*, 344 F.3d 720, 726 (7th Cir. 2003) (citations omitted). An EEOC charge must be filed within 300 days after the alleged unlawful employment practice occurred. *Roney v. Ill. DOT*, 474 F.3d 455, 460-61 (7th Cir. 2007); U.S.C. § 2000e-5(e)(1). "[F]ailure to file timely with the EEOC is not an absolute jurisdictional bar, but rather a condition precedent to suit. The time limit for filing with the EEOC may toll if plaintiffs are able to show an equitable reason justifying their delay." *Shoemaker v. Indiana Fam. & Soc. Servs. Admin.*, 172 F.3d 53 (7th Cir. 1998). Generally, a plaintiff proceeding under Title VII  of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 (2024), cannot bring claims in a lawsuit that were not included in their EEOC charge. *See Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

The Court of Appeals for the Seventh Circuit applies a liberal construction to EEOC charges drafted by unrepresented laypersons. *See, e.g., Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 831 (7th Cir. 2015); *Farrell v. Butler Univ.*, 421 F.3d 609, 611 (7th Cir. 2015). EEOC charges completed by laypersons need not include "each and every fact that combines to form the basis of each claim in [the] complaint." *Cheek*, 31 F.3d at 500. However, a general charge of discrimination does not serve as a blank check to bring any and

5

all subsequent judicial claims. *Cheek*, 31 F.3d at 500-01; *Hansboro v. Northwood Nursing Home*, 832 F. Supp. 248, 251-52 (7th Cir. 1993). Instead, the relevant question is whether claims are "like or reasonably related," meaning (1) there is "a reasonable relationship between the allegations in the charge and the claims in the complaint" and (2) "the claim in the complaint can be reasonably expected to grow out of an EEOC investigation of the allegations in the charge." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). To satisfy the "like or reasonably related" standard, there must be a factual relationship between the charge and the complaint. *Id.* at 1005; *McKenzie v. Illinois DOT*, 92 F.3d 473, 481 (7th Cir. 1996); *Cheek*, 31 F.3d at 501. "The relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals." *Huri*, 804 F.3d at 831-32. Because an employer can discriminate in numerous ways, a general charge of discrimination and a subsequent complaint are not necessarily related simply because they both assert the same category of discrimination (e.g., race or sex). *See Chaidez,* F.3d 998; *see also Cheek,* 31 F.3d 497.

> i.    *Race Discrimination*

Plaintiff's EEOC charge stated: "I believe I was discriminated against because of my race, Black." Def. Ex. 13 p. 3 [DE 44-13]. Defendant argues that Plaintiff's statement is insufficient to exhaust the claims in his complaint because the EEOC charge did not indicate that the racial discrimination was ongoing or mention any specific instance of race discrimination. Plaintiff argues that the charge is sufficient to meet the timeliness requirements. He argues that the charge clearly identified race discrimination as his reason for filing and generally alleged that he had been subjected to unlawful treatment because of his race. He emphasizes that it was filed without the assistance of counsel.

"Courts review the scope of an EEOC charge liberally," *Huri*, 804 F.3d at 831, and the

determination of "whether an EEOC charge encompasses the claims in a complaint . . . grants the Title VII plaintiff significant leeway." *Cheek*, 31 F.3d at 500. However, the requirement of some specificity in the administrative charge is not a mere technicality. *Id.* at 501. The Court of Appeals for the Seventh Circuit has made clear that the purpose of the exhaustion requirement—which is to provide the employer with adequate notice of the challenged conduct and to afford the EEOC and the employer an opportunity to settle the dispute through conciliation—would be frustrated if a general charge with the EEOC opened the door to subsequent judicial actions regarding any related conduct in the employment relationship. *Chaidez*, 937 F.3d at 1006 (explaining that Title VII's exhaustion requirement serves the dual purposes of notice and conciliation); *Cheek,* 31 F.3d at 498.

In this case, Plaintiff's EEOC charge for race discrimination did not provide Defendant with notice of the particular challenged conduct or afford the EEOC an opportunity to settle the dispute through conciliation. Plaintiff provided no specifics and offered no particularity along with his general allegation. He included no allegations of any adverse employment action due to racial discrimination, the specific acts of racial discrimination, or who in particular discriminated against him. His claim is insufficiently specific and does not meet the "like or reasonably related" standard. *See, e.g., Reynolds v. Tangherlini*, 737 F. 3d 1093, 1100 (7th Cir. 2013) ("some specificity is not a mere technicality"); *Cheek*, 31 F.3d at 502 (finding that plaintiff's sex discrimination claim was not exhausted because her EEOC charge described sex discrimination conduct related to different alleged practice of sex discrimination than her complaint alleged); *Rush v. McDonald's Corp.*, 966 F.2d 1104 (7th Cir. 1992) (concluding that a racial discrimination claim regarding an alleged policy of filling part-time jobs with minorities was not exhausted despite plaintiff's charge providing allegations of specific conduct giving rise to racial discrimination in employee

advancement); *O'Connell v. Cont'l Elec. Constr. Co.*, 2011 U.S. Dist. LEXIS 119921, \*9 (N.D. Ill. 2011) ("General allegations of discrimination in an administrative charge are not a sufficient predicate for bringing any discrimination claim in federal court."). Furthermore, generally asserting discrimination without providing any specific dates or detail that can enable the Court to find a "factual relationship between them is not enough to describe the same conduct and exhaust a claim." *Burton v. HMS Host*, No. 23 C 5395, 2024 WL 1254363, at \*4 (N.D. Ill. Mar. 25, 2024). In this case, Plaintiff failed to include enough information about his racial discrimination claim in his EEOC charge for it to have been exhausted. Defendant is entitled to judgment on Plaintiff's claim for race discrimination.

> ii.      *Hostile Work Environment*

Defendant argues that Plaintiff did not include any allegations of a hostile work environment, any specific acts of harassment, or even use the word "harassment" in his EEOC charge and, therefore, a hostile work environment claim is not within the scope of the charge. Plaintiff asserts that the numerous specific incidents of harassment and discrimination that he alleges in this litigation are not beyond the scope of his EEOC charge because the race discrimination claim encompasses his hostile work environment claim. Plaintiff also argues that his charge encompasses the specific acts of harassment that he alleges in this lawsuit because he indicated on his charge that the discrimination was continuous.

A Title VII hostile work environment claim is established when an employee is subjected to unwelcome harassment based on a protected characteristic—such as race, sex, or national origin—that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Cole v. Bd. of Trs.,* 838 F.3d 888, 895-96 (7th Cir. 2016); *Alexander v. Casino Queen, Inc.,* 739 F.3d 972, 982 (7th Cir. 2014). A claim for hostile work environment is

distinct from a general claim of discrimination, and a plaintiff cannot bring a claim for a hostile work environment unless the predicate EEOC charge specifically describes or infers the conduct giving rise to that claim. *See Huri*, 804 F.3d 826; *see also Cheek*, 31 F.3d at 501, 503. Generally, where an administrative charge fails to describe the specific conduct or identify the individuals responsible for the alleged harassment or specific discriminatory acts, those claims are not cognizable in the subsequent lawsuit. *Cheek,* 31 F.3d at 501 (explaining that an EEOC charge must at minimum "describe the same conduct and implicate the same individuals"); *see also McKenzie,* 92 F.3d at 481-83 (finding that a retaliation claim was not exhausted because it was not reasonably related to and could not grow from the EEOC charge alleging sexual harassment). However, there are situations where a hostile work environment claim is encompassed by a different EEOC charge and a specific allegation of a hostile work environment is not necessary, such as when the plaintiff alleges certain types of harassment. *Huri,* 804 F.3d at 832 (allegations of harassment were sufficient to support a hostile work environment claim because "the word 'harassment' frequently describes the conduct that defines the phrase hostile work environment"); *see also Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1033 (7th Cir. 2003) ("harassment . . . is a broad term which encompasses all forms of conduct that unreasonably interfere with an individual's work performance or create an intimidating, hostile, or offensive working environment"); *Babrocky,* 773 F.2d at 864 ("although the plaintiff specifically mentioned only racial discrimination in her charge, [the court] interpreted the narrative of the charge to encompass claims of sex discrimination").

In this case, Plaintiff's EEOC charge did not mention harassment, any specific events that would suggest harassment or a hostile workplace, or allude in any way to a hostile work environment. To support the notion that his hostile work environment claim is exhausted, Plaintiff argues that he checked the box on the EEOC charge for continuing action and included allegations

of harassment. However, as Defendant points out, there was no checkbox for continuing action on the form Plaintiff completed, there was no indication of continuing action, nor did the charge allege any specific acts of harassment or use the word "harassment." Def. Ex. 13 p. 2-4 [DE 44-13]. The charge failed to include a detailed narrative charge with details that could be read broadly to encompass a race discrimination claim.

Merely checking the "Race" discrimination box on an EEOC charge is legally insufficient to make the charge "like or reasonably related" to specific claims, such as discriminatory discharge or harassment, if the narrative of the charge does not describe the specific conduct giving rise to those claims. *Moore v. Vital Prods.*, 641 F.3d 253, 257 (7th Cir. 2011); *see also Burton,* 2024 WL 1254363, at 4 (finding that plaintiff failed to exhaust his administrative remedies for his hostile work environment claim because his EEOC charge provided no supporting facts or date). Plaintiff's EEOC charge only stated a generalized belief of discrimination on the basis of race without describing any specific conduct, occurrences, or particular individuals. The specific acts of harassment alleged in the current lawsuit cannot be reasonably inferred from, or expected to grow out of an investigation of, a bare statement indicating a belief of racial discrimination against oneself. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998 (7th Cir. 2019); *McKenzie,* 92 F.3d 473. Accordingly, the Court finds that Plaintiff's Title VII hostile workplace claim is not encompassed by his EEOC charge. The claim is, therefore, also not exhausted and is procedurally barred. Defendant is entitled to judgment on Plaintiff's hostile work environment claim.

### iii.    Retaliation

Plaintiff refers to two different instances of retaliation: one for complaining about a noose in his workplace and the other for inquiring about the status of a monetary grievance. Defendant does not dispute that the financial inquiry was administratively exhausted, but argues that

Plaintiff's allegation that he was retaliated against for complaining about a noose is not encompassed by Plaintiff's EEOC charge and therefore has not been exhausted.

In his Complaint, Plaintiff alleges that he found a noose near his locker and reported it to Defendant's civil rights representative, but the representative told him to keep quiet about the noose because he was on a Last Chance Agreement. Plaintiff claims that he was later terminated in retaliation for reporting the noose. In his brief, Plaintiff suggests that the noose may have been placed near his work area because he inquired about the monetary grievance. However, he alleges that he found and reported the noose in November 2022, several months before he inquired into the status of his monetary grievance in February 2023. The noose could not have been placed near his locker to retaliate for an event that had not yet occurred.

In his EEOC charge for retaliation, Plaintiff did not mention finding or reporting a noose. Plaintiff only claimed that he believed he was terminated in retaliation for inquiring into the status of his monetary grievance, a grievance that had nothing to do with race or any statutorily protected activity. The claim that he was retaliated against for reporting a noose did not grow out of the monetary grievance charge and the two claims are not "like or reasonably related." *See Chaidez,* 937 F.3d 998 at 1004-05; *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (explaining that failure to mention any protected activity in charge precluded a claim). Plaintiff's EEOC charge also simply does not provide Defendant with notice that he was claiming retaliation for reporting a noose or afford the EEOC an opportunity to settle the dispute through conciliation. *See Chaidez,* 937 F.3d 998 at 1005-06. To the extent that Plaintiff is arguing that the noose incident and retaliation claim are encompassed by his claims for race discrimination and hostile work environment, those two claims were not administratively exhausted as described above. Accordingly, the Court finds that Plaintiff's claim that he was retaliated against by

Defendant for reporting a noose has not been administratively exhausted.

### B.  Retaliation for Inquiring about Monetary Grievance

Plaintiff's claim that he was terminated in retaliation for inquiring about the status of a monetary grievance was administratively exhausted. Defendant argues that it is entitled to judgment on this claim because inquiring into the status of a monetary grievance is not statutorily protected activity. Plaintiff did not respond to Defendant's argument.

Title VII of the Civil Rights Act of 1964 prohibits retaliation in employment for engaging in protected activities. 42 U.S.C. § 2000e-3(a) (2024). To withstand a motion for summary judgment, a plaintiff must show (1) they engaged in activity protected by Title VII, (2) they suffered an adverse action taken by the defendant employer, and (3) a causal connection between the protected activity and the adverse action. *Madlock v. WEC Energy Grp., Inc.*, 885 F.3d 465, 472 (7th Cir. 2018). To establish that an adverse action has resulted, the employee must show harm, although harm is not limited to reduced compensation. *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016) ("'Federal law protects an employee only from retaliation that produces an injury,' and by themselves, these threats [of unspecified disciplinary action] did not. They had no effect on [the plaintiff]'s compensation or career prospects.") (quoting *Stephens v. Erickson*, 569 F.3d 779, 790 (7th Cir. 2009)). To succeed in establishing a causal link, Plaintiff must show that he would not have been fired from his position but for his protected activity. *See Adusumilli v. City of Chi.*, 164 F.3d 353, 363 (7th Cir. 1998). "When the plaintiff establishes a prima facie case of retaliation, an employer may produce evidence which, if taken as true, would permit the conclusion that it had a legitimate non-discriminatory reason for taking the adverse employment action." *Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 378 (7th Cir. 2020). "If the employer meets this burden, the plaintiff, to avoid summary judgment, then must produce evidence that

would permit a trier of fact to establish, by a preponderance of the evidence, that the legitimate reasons offered by the employer were not its true reasons but were a pretext for discrimination." *Id.*

In this case, Plaintiff suffered an adverse employment action when he was discharged from his job, but Defendant argues that Plaintiff's inquiry into his monetary grievance was not statutorily protected activity. Title VII protects employees who oppose practices made unlawful under the statute or who participate in investigations or proceedings related to such practices. 42 USCS § 2000e-3 (2024). For an activity to be protected, the complaint must relate to discrimination based on a protected class (e.g., race, sex, national origin). Plaintiff's grievance related to a monetary grievance that his union filed in 2019 over a labor dispute that, based on the information provided from the parties, does not appear to be related in any way to any protected activity.

Plaintiff does not advance any argument or offer any evidence to support the notion that his inquiry into his monetary grievance should qualify as a protected activity, and therefore waives this argument. *See Cole v. Bd. of Trs.*, 838 F.3d 888, 900 (7th Cir. 2016) ("plaintiff . . . has the burden to respond to a proper motion for summary judgment by offering enough evidence to allow a reasonable jury to find in his favor on the issues raised"); *Nichols v. Mich. City Plant Planning Dep't.*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment.").

Since Plaintiff has not provided any evidence or even a bare assertion that he engaged in protected activity when he inquired about the status of his grievance, there is not a dispute of material fact as to this retaliation claim and Defendant is therefore entitled to judgment on Plaintiff's monetary grievance-related retaliation claim.

## IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment [DE 43]. The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Defendant United States Steel Corporation, on all of Plaintiff's claims.

SO ORDERED this 6th day of August, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record